UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-141(1) (MJD/JFD)
Criminal No. 22-284 (MJD/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

v.

JIMMI BIVINS JR.,

Defendant.

The United States of America and defendant Jimmi Bivins Jr. (hereinafter "the defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

The plea agreement is a global resolution to the federal charges currently pending against the Defendant in the District of Minnesota. Specifically, this agreement addresses the charges made by Superseding Indictment *United States v. Jimmi Bivins Jr.*, Crim. No. 22-141(1) (MJD/JFD) and by Indictment in *United States v. Jimmi Bivins Jr.*, Crim. No. 22-284 (MJD/JFD). A failure to abide by the terms of this plea agreement will result in the nullification of the plea.



SCANNED
DEC 19 2022
U.S. DISTRICT COURT MPLS

1

1. **Charges.**

    a.    Crim. No. 22-141(1) (MJD/JFD), Count 1. The defendant agrees to plead guilty to Count 1 of this Superseding Indictment. Count 1 charges the defendant with Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

    b.    Crim. No. 22-284 (MJD/JFD), Count 1. The defendant agrees to plead guilty to Count 1 of this Indictment. Count 1 charges the defendant with being a Felon in Possession of a Firearm on or about July 28, 2022, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

    c.    As part of this Plea Agreement, and in consideration for his pleas, the Government agrees it will not seek a Second Superseding Indictment in Crim. No. 22-141(1) (MJD/JFD) and the Government will not seek a Superseding Indictment in Crim. No. 22-284 (MJD/JFD). Furthermore, the Government will not otherwise pursue charging the defendant with additional allegations resulting from this investigation. Moreover, the government will dismiss the remaining counts alleged in the Superseding Indictment in *United States v. Jimmi Bivins Jr.*, Crim. No. 22-141(1) (MJD/JFD) at sentencing. The defendant fully understands the nature and elements of the crimes with which he has been charged.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 as alleged in *United States v. Jimmi Bivins Jr.*, Crim. No. 22-141(1) (MJD/JFD) as well as Count 1 as alleged in *United States v. Jimmi Bivins Jr.,* Crim. No. 22-284 (MJD/JFD). In pleading guilty, the defendant admits the following facts

2

and that those facts establish the defendant's guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a.    Crim. No. 22-141(1) (MJD/JFD), Count 1: From at least as early as April 2022 and continuing through on or about July 2022, the defendant was a part of an agreement or understanding to distribute fentanyl. The defendant and his co-conspirators obtained counterfeit blue oxycodone pills containing fentanyl ("M30" or "MBox" pills) from one or more sources of supply outside of Minnesota. This agreement included the defendant's named co-defendants and others. The defendant and his co-conspirators arranged for the transportation and delivery of blue M30 pills to locations primarily within the Twin Cities, and regularly distributed blue M30 pills to customers across that region. The defendant delivered fentanyl or arranged for the delivery of blue M30 pills to sub-distributor co-conspirators as part of that understanding.

b.    More specifically, the defendant maintained a customer base, to which he regularly distributed blue M30 pills in increments ranging from 100 to 1,000, or more, per occasion. For example, in March 2022, the defendant sold approximately 2,030 blue M30 pills to an informant during a controlled purchase. The transaction occurred inside the defendant's Colfax Avenue apartment in the Uptown neighborhood of Minneapolis, Minnesota.

c.    The defendant also collected funds, received funds on behalf of other co-conspirators, organized deliveries, and facilitated conspiracy communications, all in support of the agreement. The defendant voluntarily and intentionally joined in the

3

agreement, and knew the purpose of the agreement was to distribute controlled substances.

d.    Defendant acknowledges that in the winter of 2021 law enforcement began an extensive investigation into the conspiracy. In addition to ongoing surveillance and intelligence gathering, law enforcement seized controlled substances, weapons, and other evidence as part of the investigation of the agreement between defendant and his co-conspirators. This includes, but is not limited to:

- i.    Parcel Seizure: a March 18, 2022, seizure of approximately 45,000 (4,500 grams) blue M30 pills found inside a parcel sent by the defendant and another co-conspirator from Phoenix, Arizona, and meant to be distributed in Minnesota by this conspiracy;

- ii.   Apartment Search Warrant: a March 28, 2022, seizure of approximately $1,180 in U.S. currency (in a money counter atop the kitchen island); an adjacent and loaded Glock Inc. Model 43 9mm semi-automatic pistol bearing serial number AFLC221 with an extended magazine; another approximately $9,040 in U.S. currency on the kitchen countertop; over $73,000 inside a safe; a ballistic vest and twelve plastic bags each containing approximately 1,000 (approximately 1,327 grams) blue M30 pills in the defendant's bedroom.

4

iii. <u>Vehicle Search Warrant</u>: a March 28, 2022, seizure of a Seekings Precision Model SP223 semi-automatic rifle bearing serial number SP5923 from the defendant's black Jeep Cherokee.

e. The defendant agrees he committed these acts voluntarily, knew he was possessing, dealing, and facilitating the distribution of fentanyl, and knew this conduct was unlawful.

f. <u>Crim. No. 22-284 (MJD/JFD), Count 1</u>: On July 28, 2022, a Fridley Police officer stopped a 2012 Mercedes-Benz Merz-E for a traffic violation (expired temporary vehicle license plates). The defendant was driving the vehicle and his passenger A.R.N. accompanied him. During the traffic stop law enforcement observed (through sight and smell) what officers believed were controlled substances, however A.R.N. locked the vehicle and walked away from the scene. Law enforcement towed the vehicle and the defendant was allowed to leave the scene.

g. Pursuant to a warrant, officers searched the Mercedes Benz and located a Glock model 45 9mm semiautomatic pistol bearing serial number BUEZ779 partially under the front driver's seat (chambered and containing a 30-round magazine which housed 28 rounds); multiple phones; a digital scale; packaged marijuana (center console); rolling paper (center console), trace amounts of white powder inside a plastic bag (recovered from between the driver's seat and the console); a wallet containing the defendant's Minnesota ID card; as well as mailings and other paperwork belonging to the defendant.

5

h.      The defendant admits and agrees that on both March 28, 2022, and July 28, 2022, he knew he had previously been convicted of a crime punishable by more than one year in prison. The defendant admits and agrees that he knowingly possessed firearms on March 28, 2022, and July 28, 2022, as described above. The defendant further admits and agrees that he did so voluntarily and that he knew his possession of the firearms violated the law.

i.      The defendant admits and agrees that each of the firearms described above is a "firearm" as defined by federal law under 18 U.S.C. § 921(a)(3), and the firearms were not manufactured in the State of Minnesota. Each of the firearms, as statutorily defined, therefore necessarily traveled in or affected interstate or foreign commerce prior to being in Defendant's possession in the State and District of Minnesota on March 28, 2022, and July 28, 2022, respectively.

j.      The defendant admits and agrees that when he knowingly possessed firearms on March 28, 2022, and July 28, 2022, he was under court terms of supervision for separate matters in Washington County, Minnesota, and the defendant knew this conduct was unlawful. Moreover, the defendant admits that on July 28, 2022, he was on conditions of bond in Hennepin County, Minnesota.

3.      **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial

6

motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his convictions, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count 1 of the Superseding Indictment in *United States v. Bivins Jr.,* 22-141(1) (MJD/JFD), which

7

alleges a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, is a felony offense

that carries the following statutory penalties:

> a.  a mandatory minimum of 10 years in prison;
>
> b.  a maximum of life in prison;
>
> c.  a supervised release term of at least 5 years up to a maximum supervised release term of life;
>
>     a maximum fine of $10,000,000;
>
> d.  assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;
>
> e.  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and
>
> f.  the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7.   **Statutory Penalties**. The defendant understands that Count 1 of the Indictment in *United States v.* ~~*Shaffer-Frazier*~~ *BIVINS, JR.*, 22-284 (MJD/JFD), which alleges a

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on July 28, 2022, is a felony offense

that carries the following statutory penalties:

> a.  a maximum term of 10 years' imprisonment;
>
> b.  a supervised-release term of not more than 3 years;
>
> c.  a fine of up to $250,000; and
>
> d.  a mandatory special assessment of $100.

8.   **Guidelines Calculations**.   The parties acknowledge that the

defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in

this plea agreement should be construed to limit the parties from presenting any and

8

all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties further understand and agree that the Guidelines call for calculating a "total punishment," or combined sentence, for the defendant's two matters. With these acknowledgements and agreements, the parties stipulate to the following guidelines calculations:

a.   Crim. No. 22-141(1) (MJD/JFD), Count 1: Base Offense Level. The Parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for the violation noted in Count 1 of the Indictment is calculated using the offense level corresponding to the substances noted in paragraph 2, above. Therefore, the Parties agree that the base offense level for the violation and the relevant conduct noted in paragraph 2, above, is 34 (at least 4 but less than 12 kilograms of a mixture and substance containing fentanyl). U.S.S.G. §§ 2D1.1(c)(3).

b.   Specific Offense Characteristics (Dangerous Weapon). The parties believe that the offense level should be **increased by two-levels** because a dangerous weapon was possessed, namely one or more firearms. U.S.S.G. § 2D1.1(b)(1).

c.   Crim. No. 22-284 (MJD/JFD), Count 1: Base Offense Level. The parties agree that the Base Offense Level is 20 because the July 28, 2022, offense involved a semiautomatic firearm which held a loaded large-capacity magazine and the defendant was prohibited from possessing the firearm. USSG §§ 2K2.1(a)(4) and cmt. n.2.

d.   The parties agree that **no other** specific offense characteristics apply.

e.   Chapter 3 Adjustments. The parties agree that other than as provided for in the paragraphs below **no other Chapter 3 adjustments apply**.

9

f.    Aggravating Role. The defendant understands that the government believes that up to a **two-level increase** may apply because the government believes he may be determined to have organized, led, managed, and/or supervised the criminal activity alleged in Crim. No. 22-141(1) (MJD/JFD). U.S.S.G. § 3B1.1(c). The defendant reserves the right to challenge such an adjustment, if applied.

g.    Multiple Counts of Conviction and Combined Offense Level. The parties agree that the combined offense level is determined by taking the applicable offense level for Count 1 of Crim. No. 22-141(1) (MJD/JFD) and increasing the offense level pursuant to group and unit determination outlined at U.S.S.G. §§ 3D1.4(a)-3D1.4(c). However, the parties anticipate the Combined Offense Level will be 34, based on the offense levels detailed above, the Court's determinations, and the following:

       i)    The offense level for Count 1 of the Indictment alleged in 22-284 (MJD/JFD) will be 9 or more levels less serious than the offense level for Count 1 of the Indictment alleged in 22-141(1)(MJD/JFD), and will therefore be disregarded for purposes of unit analysis, with no recommended increase in offense level. U.S.S.G. § 3D1.4(c).

h.    Acceptance of Responsibility. The government agrees to recommend that the defendant receive **a 2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an **additional 1-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

10

i.     Criminal History Category. The defendant believes that, at the time of sentencing, the defendant will fall into **Criminal History Category III**. The government believes that, at the time of sentencing, the defendant may fall into **Criminal History Category IV**. U.S.S.G. § 4A1.1. Neither position constitutes a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

j.     Guidelines Range. The Parties anticipate the following potential low and high Guidelines ranges, based on the relevant conduct noted in paragraph 2 and any other potential adjustments described above:

    i)     **168-210 months**: Criminal History Category III & Adjusted Offense Level 33, with a base offense level 34, two-level increase for dangerous weapon, and three-level reduction for acceptance of responsibility;

    ii)     **235-293 months:** Criminal History Category IV & Adjusted Offense Level 35, with a base offense level 34, two-level increase for a dangerous weapon, two-level aggravating role increase, and three-level reduction for acceptance of responsibility;

k.     Notwithstanding the potential applicable Guidelines ranges above, Defendant acknowledges that he is subject to a statutory minimum penalty of a ten-year mandatory sentence as to Count 1 of the Indictment alleged in Crim. No. 22-141(1) (MJD/JFD).

l.     Fine Range. If the adjusted offense level is 33, the Sentencing Guidelines fine range is $35,000 to $10,000,000. If the adjusted offense level is 35, the Sentencing Guidelines fine range is $40,000 to $10,000,000. U.S.S.G. § 5E1.2(c). U.S.S.G. § 5E1.2(c).

11

m.  Supervised Release: Crim. No. 22-141(3)(MJD/JFD), Indictment
    Count 1. The Sentencing Guidelines require a term of supervised
    release of at least 5 years up to a maximum supervised release
    term of life. U.S.S.G. § 5D1.2.

n.  Supervised Release: Crim. No. 22-286 (MJD/JFD), Indictment
    Count 1. The Sentencing Guidelines require a term of supervised
    release of 1 year but not more than three years. U.S.S.G. § 5D1.2

9.      **Revocation of Supervised Release.** The defendant understands that

if the defendant were to violate any supervised release condition while on supervised

release, the Court could revoke the defendant's supervised release, and the defendant

could be sentenced to an additional term of imprisonment up to the statutory

maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The

defendant also understands that as part of any revocation, the Court may include a

requirement that the defendant be placed on an additional term of supervised release

after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.     **Discretion of the Court.** The foregoing stipulations are binding on the

parties, but do not bind the Probation Office or the Court. The parties understand

that the Sentencing Guidelines are advisory and their application is a matter that

falls solely within the Court's discretion. The Court will make its own determination

regarding the applicable Guidelines factors and the applicable criminal history

category. The Court may also depart from the applicable Guidelines range. If the

Court or the Probation Office determines that the applicable guideline calculations

or the defendant's criminal history category is different from that stated above, the

12

parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11.   **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea. As part of this Agreement the government will not seek a sentence greater than **210 months** imprisonment.

12.   **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

13.   **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that offense, including but not limited to the following:

        a.   a Glock Inc. Model 43 9mm semi-automatic pistol bearing serial number AFLC221 seized on March 28, 2022;

13

b.    a Seekings Precision Model SP223 semi-automatic rifle bearing
      serial number SP5923;

c.    $83,560.00 in U.S. Currency as seized on March 28, 2022; and

d.    $11,040.00 in U.S. Currency as seized on March 28, 2022.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant withdraws any claim or petition he has filed with respect to the above-described property and waives all statutory and constitutional defenses to its forfeiture.

The defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the defendant's plea by any means provided by law.

14.    **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **235 months'** imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

14

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence (except the government may appeal the substantive reasonableness of a term of imprisonment below **188 months'** imprisonment.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15

16.   **Complete Agreement.**   The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: _December 19 2022_

BY:   ALLEN A. SLAUGHTER JR.
Assistant United States Attorney

Date: 12 . 19 . 22

JIMMI BIVINS JR.
Defendant

Date: 12 . 19 . 2022

STEVEN J. WRIGHT, Esq.
Counsel for Defendant

16